UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JIM PERRON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CAUSE NO.  1:20-cv-2002 |
| | ) |
| VEOLIA NORTH AMERICA, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Jim Perron (hereinafter "Perron"), by counsel, files this Complaint and Demand for Jury Trial against his former employer, Defendant Veolia North America, LLC ("Veolia") under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

**I.      PARTIES, VENUE, AND JURISDICTION**

1. Perron is a citizen of the State of Indiana who resides in Marion County, Indiana.

2. Veolia is a Delaware corporation with its principal place of business in Boston, Massachusetts. Veolia has a facility located in Indianapolis, Indiana, and does business in the Southern District of Indiana.

3. At all times relevant herein, Veolia was an "employer" as defined under the Age Discrimination in Employment Act, 29 U.S.C. § 630(b).

4. At all times relevant herein, Perron was an "employee" as defined by the Age Discrimination in Employment Act, 29 U.S.C. § 630(f). Perron is 65 years old.

5. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, in that the claims arise under laws of the United States, and specifically the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*.

6. Venue is proper pursuant to 28 U.S. C. § 1391 because Veolia is subject to personal jurisdiction in the Southern District of Indiana, Veolia regularly conducts business activities within the Southern District of Indiana, and a substantial part of the events and occurrences giving rise to Perron's claims occurred in the Southern District of Indiana.

7. Perron satisfied his requirement to exhaust administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 15, 2020, alleging Age Discrimination by Veolia.

8. On or about July 27, 2020, Perron received his Notice of Right to Sue from the EEOC.

## II.     FACTUAL ALLEGATIONS

9. Perron hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

10. Veolia is engaged in the business of addressing environmental and sustainability challenges in energy, water, and waste. Veolia's clients include local and municipal governmental entities.

11. In July 2018, Veolia hired Perron as Director of Business Development, Municipal & Commercial Central West Region for Veolia. Perron initially reported to Keith Oldewurtel, then-Senior Vice President of the Central and West regions of the U.S. Municipal & Commercial business line.

12. For the first eight months of his employment, Perron worked almost exclusively on renewals of current and existing customer contracts at the direction of Oldewurtel.

13. In the summer of 2019, Veolia hired Joseph Tackett. Within a few weeks of Tackett's hiring date, Veolia promoted Oldewurtel, and promoted Tackett to fill Oldewurtel's prior position. Perron began reporting to Tackett at that time. Tackett is in his mid-late forties.

14. Tackett and Perron had weekly meetings and discussions from September to December 2019. Tackett never provided Perron with any negative comments or concerns about his performance or productivity at any time prior to December 16, 2019.

15. On approximately December 6, 2019, Perron received an email from Tackett informing him that Tackett would like to meet with him on December 16, 2019. At that meeting, Tackett placed Perron on a Performance Improvement Plan ("PIP").

16. Perron put together an action plan in response to the PIP. Perron began executing his action plan in January 2020. Perron updated Tackett regularly on the status of his action plan.

17. On January 8-9, 2020, Perron attended a meeting conducted by Tackett at Veolia's office in Lombard, Illinois. On the second day of meetings, Tackett presented a PowerPoint slide listing all of the Project Managers who would be turning 65 years old in 2020, including Perron. Perron was the only person present at the meeting who was on the list. Tanya Barber, of Human Resources at Veolia, led the participants in discussing a succession plan for everyone on the list. Perron was asked what his plans were on retirement, and he told the group that he had no plans to retire.

18. On February 13, 2020, Perron met with Tackett by phone regarding his PIP and progress to date. At the meeting, Tackett provided positive feedback, stated that the numbers in Perron's prospects were very large, and said, "that's really good."

19. On the next day, February 14, 2020, Tackett requested to meet with Perron on February 17, 2020, for Perron's "performance review."

20. At 9:00 a.m. on February 17, 2020, Perron received an email form Tackett with his written performance review.

21. Tackett's written comments on Perron's performance review included comments suggesting age bias, such as "Jim is unwilling to learn new things," and "Jim refuses to develop new prospects."

22. Perron met with Tackett and Barber by phone at 10:00 a.m. on February 17, 2020. At that meeting, Tackett and Barber informed Perron that his employment was being terminated, effective immediately.

23. After Perron's termination, Veolia hired Mike Moler as Perron's replacement. Moler is in his mid-late forties.

24. To the best of Perron's knowledge and belief, Veolia did not terminate any other employees reporting to Tackett, other than Perron.

25. Veolia's stated reason for terminating Perron was Perron's alleged failures to close new business in 2018 or 2019, and that he was allegedly unlikely to close any new business in 2020.

26. Perron's 2020 action plan would have resulted in the closing of new business in 2020.

27. Veolia's business model requires long-term relationship development with prospective clients before new sales can occur. Perron knows multiple similarly situated Veolia employees who are more than 15 years younger than Perron who did not close any new business sales within the first three years of their employment with Veolia, but they were not terminated.

### III.     LEGAL ALLEGATIONS

#### Count I:     Violation of the ADEA – Discrimination on the Basis of Age

28. Perron hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

29. Perron is 65 years old and a member of a protected class.

30. Perron was meeting his employer's legitimate performance expectations.

31. Perron suffered an adverse employment action when Veolia terminated his employment.

32. Veolia terminated Perron's employment because of Perron's age.

33. Veolia treated similarly situated younger employees more favorably than Perron.

34. Veolia replaced Perron with a significantly younger employee.

35. Perron's age was the actual and proximate cause of Veolia's termination of his employment.

36. Veolia willfully violated the Age Discrimination in Employment Act.

37. Perron has suffered damages as a result of Veolia's discrimination.

### IV.     RELIEF REQUESTED

Perron request the following relief:

a. Compensatory damages;

b. All salary, wages, compensation and benefits lost as a result of Defendant's unlawful actions, including, but not limited to, back pay, front pay, employer provided benefits, unpaid sales commissions, and loss of future earning capacity;

c. Liquidated damages and/or punitive damages;

d. All costs and reasonable attorney fees incurred in litigation this action;

    e.    Pre-judgment and post-judgment interest; and

    f.    Any and all other legal and/or equitable relief to which Perron is entitled.

WHEREFORE, Plaintiff Jim Perron requests a judgment in his favor, the costs of this action, a trial by jury, and for all other just and proper relief.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN 46205
Attorneys for Jim Perron

## JURY DEMAND

Plaintiff, Jim Peron, by counsel, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN 46205

Attorneys for Jim Perron