UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JIM PERRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:20-cv-02002-JRS-DLP |
| | ) | |
| VEOLIA NORTH AMERICA, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S PRELIMINARY EXHIBIT LIST

Plaintiff Jim Perron ("Perron") by counsel, and pursuant to the Case Management Plan applicable to this case, hereby submits his Preliminary Exhibit List which identifies exhibits that may be introduced into evidence in this matter. This list does not specifically include exhibits which may be used for purposes of impeachment or rebuttal.

1. Jim Perron's employee personnel file with Veolia;

2. Any and all of Veolia's handbooks and policies;

3. Job description for Director of Business Development in July 2018;

4. Any employer officers, or employment continuation agreements related to Jim Perron;

5. All documents related to the January 8-9, 2020 Leadership Meeting, including but not limited to any Powerpoint Presentations, slides, minutes, notes, or video or audio recordings of the meeting;

6. All documents related to the February 13, 2020 meeting between Jim Perron and Joe Tackett; including any notes or video or audio recordings of this meeting;

7. All documents related to Jim Perron's 2019 annual performance review, including any meeting notes between Perron and Tackett on or about February 17, 2020;

8. Any and all Salesforce records identifying Perron's sales pipeline and/or prospects from July 2018 to February 2020;

9.    Any and all documents evidencing or relating to the sales performance of similarly situated employees to Perron;

10.    Perron's action plan for 2020 submitted to Tackett in December 2019 or January 2020;

11.    All documents obtained from the Equal Employment Opportunity Commission;

12.    Any and all documents and communications regarding the hiring, employment and/or termination of Jim Perron;

13.    Any and all documents and communications regarding Perron's work performance, including any performance development plans, performance evaluations, and performance recognitions;

14.    Any and all documents and communications related to Jim Perron's compensation, hours worked, work duties and work schedule;

15.    Any and all documents related to Jim Perron's damages and/or mitigation thereof;

16.    Any and all documents related to Veolia's hiring of Mike Moler as Jim Perron's replacement;

17.    All documents produced by any party or non-party through discovery;

18.    Jim Perron's responses to written discovery requests;

19.    Veolia's responses to written discovery requests;

20.    All documents produced by any non-party in response to a subpoena in this case;

21.    All pleadings, pleading exhibits, deposition transcripts, and deposition exhibits, including videotaped depositions;

22.    All exhibits identified by the parties in their Preliminary, Final and Supplemental Exhibit Lists;

23.    All exhibits, presently unknown, which are identified through discovery.

24.    All exhibits, presently unknown, which may be introduced as rebuttal evidence; and

25.    All documents or other items relied upon by expert witnesses in formulating their opinions.

2

Respectfully submitted,

/s/ Christopher S. Stake_____
Kathleen A. DeLaney (#18604-49)
Christopher S. Stake (#27356-53)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN 46205

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

Melissa K. Taft
Tony H. McGrath
Jackson Lewis P.C.
Melissa.taft@jacksonlewis.com
tony.mcgrath@jacksonlewis.com

/s/ Christopher S. Stake
Christopher S. Stake

DeLaney & DeLaney LLC.
3646 N. Washington Blvd.
Indianapolis, IN 46205